**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *DEVINAE ALLEN*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *I.C. SYSTEM, INC.*, | ) |
|     Defendant. | ) |

### **COMPLAINT**

Plaintiff Devinae Allen, by her counsel, Paúl Camarena, respectfully complains as follows:

### **Introduction.**

1) The Fair Credit Reporting Act and the Fair Debt Collection Practices Act prohibit a debt collector to report that a consumer owes a debt without disclosing that the consumer disputes that debt information. In the case at bar, Debt Collector-Defendant I.C. System, Inc. reported to credit reporting agencies that Ms. Devinae Allen owed a debt to Sprint Corporation, but did not disclose that Ms. Allen disputed the Defendant's reported debt information. Thus, Defendant I.C. System Inc. violated the F.C.R.A. and the F.D.C.P.A.

### **Jurisdiction and Venue.**

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this civil action because the action arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred within the Eastern Division.

**Parties.**

3) Plaintiff Devinae Allen is a "consumer" as that term is defined in the Fair Credit Reporting Act, at 15 U.S.C. § 1681a(c), and in the Fair Debt Collection Practices Act, at 15 U.S.C. § 1692a(3); and Ms. Devinae Allen resides within the Eastern Division.

4) Defendant I.C. System Inc. is a "person" as that term is defined in the Fair Credit Reporting Act, at 15 U.S.C. § 1681a(b) (the "term 'person' means any … corporation"), and Defendant I.C. System Inc. is also a "debt collector" as that term is defined in the Fair Debt Collection Practices Act, at 15 U.S.C. § 1692a(6). Defendant Defendant I.C. System Inc. is additionally a corporation authorized to transact business in Illinois.

**Factual Allegations.**

5) Ms. Devinae Allen had a personal account with Sprint, she struggled to maintain her payments, and Sprint placed that account in collection several years ago.

6) Debt Collector-Defendant I.C. System is attempting to collect on Ms. Allen's account with Sprint.

7) Defendant IC System is reporting to credit reporting agencies on Ms. Allen's account with Sprint, and the Defendant is indicating to credit reporting agencies that Sprint placed that account in collection just a few months ago.

8) Defendant IC System's reporting falsely implies that Ms. Allen defaulted on her obligation to Sprint very recently, as opposed to accurately stating that Ms. Allen defaulted several years ago.

9) Thus, Ms. Allen disputed Defendant IC System's reported information with credit reporting agencies and, upon information and belief, the credit reporting agencies forwarded Ms. Allen's disputes to the Defendant and the Defendant received Ms. Allen's disputes.

10) However, Defendant IC System failed to conduct a reasonable investigation into its own reported information and, thus, the Defendant continues to inaccurately report Ms. Allen's debt information.

11) Upon information and belief, Defendant IC System also made the decision to continue reporting its information without notating that Ms. Allen is disputing that information.

12) When a furnisher responds to a credit reporting agency's dispute verification form and relates an ongoing dispute, the credit reporting agency records the dispute in the credit report and does not include the derogatory information in assessing the credit score.

13) Thus, Defendant IC System's decision to report the debt but not the dispute resulted in a much lower credit score for Ms. Allen than a report of both the debt and the dispute.

14) Because of Defendant conduct, Ms. Allen suffered an injury in fact because, *inter alia*, she suffered a real risk of financial harm caused by an inaccurate credit rating.

15) Because of Defendant IC System's conduct, Ms. Allen also suffered an injury in fact because she refrained from applying for a lease and for service with other telecoms, so as to avoid exposing IC System's false information to potential future landlords and telecom servicers.

**Causes of Action.**

Fair Credit Reporting Act.

Count One.

16) The Fair Credit Reporting Act, at 15 U.S.C § 1681s-2(b)(1)(A), states, in relevant part, that, "[a]fter receiving notice ... of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall [ ] conduct an investigation with respect to the disputed information." "[C]ourts have consistently concluded that § 1681s-2(b) should be read as requiring a 'reasonable' investigation." *Humphrey v. Navient*

*Solutions, Inc.*, 16 cv 370 (W.D. Wis. 2017), ECF No. 137, p. 5, (string citations omitted), *rev'd on other grounds*, 759 F. App'x 484 (7th Cir. 2019) ("When a credit-reporting agency notifies a [furnisher] of a disputed debt, the [furnisher] must 'conduct an investigation with respect to the disputed information.' 15 U.S.C. § 1681s-2(b)(1)(A). Whether the furnisher's investigation is reasonable is a factual inquiry.").

17) Defendant IC System willfully violated Subsection 1681s-2(b)(1)(A) by willfully failing to conduct a reasonable investigation with respect to information about Ms. Allen that the Defendant itself provided to credit reporting agencies.

Count Two.

18) The Fair Credit Reporting Act's Subsection 1681s–2(a)(3) is titled "Duty to Provide Notice of Dispute" and states that, "[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed [ ], the person may not furnish the information to any consumer reporting agency without notice that such information is disputed." Also, Subsection 1681s-2(b)(1)(D) states that, "[a]fter receiving notice [ ] of a dispute with regard to the [ ] accuracy of any information provided by a person to a consumer reporting agency, the person shall[, ] if the investigation finds that the information is incomplete [ ], report those results." Hence, "[i]f a consumer disputes the accuracy of credit information, the FCRA [at Subsection 1681s-2(b)(1)(D)] requires furnishers to report that fact when reporting the disputed information." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009). Further, "after receiving notice of dispute, a furnisher's decision to continue reporting a disputed debt <u>without any notation of the dispute presents a cognizable claim</u> under § 1681s-2(b)." *Id*. (citing *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008)) (emphasis added).

19) Defendant IC System willfully violated Subsection 1681s-2(b)(1)(D) by making the decision to continue reporting its information about Ms. Allen without notating that Ms. Allen disputes that information.

Fair Debt Collection Practices Act.

Count Three.

20) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e(8), prohibits debt collectors from "fail[ing] to communicate that a disputed debt is disputed." "Despite receiving [disputes], [Defendant] still reported plaintiffs' debts to credit reporting agencies without noting that the debt [information was] disputed. This is a clear violation of the statute." *Evans v. Portfolio*, 889 F.3d 337, 346 (2018).

21) Defendant IC System violated Subsection 1692e(8) by reporting plaintiff's debt to credit reporting agencies without noting that the debt information was disputed.

**Prayer for Relief.**

WHEREFORE, Ms. Devinae Allen prays that this Court holds a trial by jury and enters judgment in her favor (and against Defendant IC System) for her actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a) and 15 U.S.C. § 1692k.

       Respectfully submitted,
       Plaintiff's, Devinae Allen's, Counsel
       North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*
       Paúl Camarena, Esq.
       500 So. Clinton, No. 132
       Chicago, IL 60607
       paulcamarena@paulcamarena.com
       (312) 493-7494